

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIBRADO AGUILAR and JOSE GUADALUPE GONZALEZ ROMERO, on their behalf and on behalf of those similarly situated, | § § § § § | |
| | § | Civil Action No. 3:04-CV-0776-D |
| Plaintiffs, | § § | |
| VS. | § § | |
| COMPLETE LANDSCULPTURE, INC., et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Librado Aguilar and Jose Guadalupe Gonzalez Romero, on their behalf and on behalf of those similarly situated, bring this putative collective action under 29 U.S.C. § 216(b), a provision of the Fair Labor Standards Act ("FLSA"), to recover unpaid overtime pay. They move for notice to potential class members and discovery of their contact information. For the reasons that follow, the court grants the motion in part and denies it in part.

I

Plaintiffs sue defendants Complete Landsculpture, Inc., Complete Landsculpture Properties, LLC, Complete Landsculpture of Texas, LP, and Chris Strempek ("Strempek") ("collectively, "Complete"), alleging that they violated 29 U.S.C. § 207(a) by failing to pay overtime compensation to them and other similarly-situated Complete employees. Plaintiffs allege that Complete circumvented payment of overtime compensation for landscaping and general labor by following a "block rate" payment scheme. According to plaintiffs' second amended collective action complaint

("complaint"), Complete's "block rate" worked as follows. A ten hour shift was a "block" or "day." Plaintiffs worked from 7 a.m. to 5 p.m., which counted as one "block," for which they were paid approximately $100. Any time worked in excess of that shift was credited toward another "block." It was thus possible for an employee to work more than seven "blocks" or "days" in a given week. Complete employees were effectively paid $10 per hour ($100 ÷ 10 hours), with no overtime compensation. 2d Am. Compl. ¶¶ 12-13. Complete employees normally worked Monday through Sunday from approximately 7 a.m. to 6 or 7 p.m., resulting in a work week in excess of approximately 80 hours. *Id.* at ¶ 11.

Plaintiffs seek to certify an opt-in class consisting of all current and former Complete employees who were paid using the "block rate" scheme during the time period of April 13, 2001 to the present. *See id.* ¶ 18. Plaintiffs now move for permission to give § 216(b) notice to potential class members and for discovery of their contact information. Complete opposes the motion, contending it must be denied because a putative class has not been certified, not all plaintiffs are from the same potential conditional class, plaintiffs have only presented evidence of a potential class of landscape laborers, their notice is uninformative and insufficient, and their request for private employee information should be denied.

II

This court recently addressed a similar motion for class notice and discovery in *Humphries v. Stream International, Inc.*, No. 3:03-CV-1682-D (N.D. Tex. Feb. 13, 2004) (Fitzwater, J.), setting out the controlling jurisprudence:

> District courts have discretion to allow a party asserting FLSA claims on behalf of others to notify potential plaintiffs that they may choose to opt-in to the suit. Although the Fifth Circuit has not adopted a particular standard to be used in determining whether to allow notification, the prevailing test among the federal courts consists of two stages: First, the court makes an initial inquiry into whether the plaintiff has provided sufficient evidence of the existence of similarly-situated potential plaintiffs. At this stage, the court applies a lenient standard. If it determines that certification is appropriate, it usually conditionally certifies the class. Second, the court reexamines the class after notice, time for opting in, and discovery have taken place. If it finds that the class is no longer made up of similarly-situated persons, then it may decertify the class. This inquiry is usually conducted in response to defendant's motion. Although the Fifth Circuit has specifically declined to adopt a specific approach in resolving the similarly situated inquiry under § 216(b), it has found no abuse of discretion where a district court employed the prevailing federal standard. To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar.

Slip op. at 3 (citations and internal quotation marks omitted).

### III

The court must first decide whether plaintiffs have provided sufficient evidence of the existence of similarly-situated potential plaintiffs and whether a class should be conditionally certified.[1]

---

[1] As in *Humphries*, although the plaintiffs do not explicitly ask the court to conditionally certify a class, they are necessarily doing so. *See* Ps. Br. at 8 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), and noting that decision to allow notice typically results in conditional certification of representative class). Moreover, in their reply brief, plaintiffs make pellucid that they seek conditional class certification, noting, *inter alia*, that a motion for conditional class certification is frequently made under the rubric of notice to potential class members. *See* Ps. Rep. Br. at 2-3 & 2 n.3 (citing cases).

A

Under the prevailing two-stage procedure, "[b]ecause the court has minimal evidence, [the first] determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (footnote omitted).[2] "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Id.* at 1214 n. 8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded*, 493 U.S. 165 (1989)). "To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (Lynn, J.) (internal quotation marks and brackets omitted) (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)).

Plaintiffs have adduced evidence that they and their coworkers performed similar job duties in the form of manual labor that consisted of planting trees and turf, installing sprinklers, cutting and placing patio stones, mowing and edging lawns, operating weed eaters and leaf blowers, trimming

---

[2] At this point in *Mooney*, the panel was not adopting this principle but was instead reciting the jurisprudence of the first of two lines of cases that address class certification procedure under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq. See Mooney*, 54 F.3d at 1214. The ADEA incorporates relevant provisions of the FLSA. *Id.* at 1212. In *Mooney* "the Fifth Circuit explicitly declined to adopt a specific approach." *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 n.2 (N.D. Tex. May 21, 2002) (Lynn, J.).

plants and planting flowers. *See* Aguilar Decl. ¶ 6; Almanza Decl. ¶ 6; Gomez Decl. ¶ 6.[3] Complete required these laborers to work in excess of 40 hours per week. *See* Aguilar Decl. ¶ 2; Almanza Decl. ¶ 2; Gomez Decl. ¶ 2. They were paid according to the "block rate" scheme, i.e., a fixed amount for each block of ten hours worked. *See* Aguilar Decl. ¶¶ 3-4; Almanza Decl. ¶¶ 3-4; Gomez Decl. ¶¶ 3-4. When they worked greater or fewer than ten hours, they were credited with a partial "day" based on the number of hours worked. *See* Aguilar Decl. ¶¶ 3-4; Almanza Decl. ¶¶ 3-4; Gomez Decl. ¶¶ 3-4. Under the "block rate" scheme, Complete paid the laborers the same hourly rate for all hours worked. Regardless of the number of hours worked, they never received overtime pay. *See* Aguilar Decl. ¶ 5; Almanza Decl. ¶ 5; Gomez Decl. ¶ 5. Other Complete employees have not been paid overtime compensation. *See* Aguilar Decl. ¶¶ 6-7; Almanza Decl. ¶¶ 6-7; Gomez Decl. ¶¶ 6-7.

Accordingly, applying, as it must, a lenient standard, the court holds that plaintiffs have made sufficiently substantial allegations of the existence of similarly-situated potential plaintiffs and that they have met the requirements for conditional certification of the class. The court therefore

---

[3]The court is citing to paragraphs of declarations rather than to pages of plaintiffs' appendix because plaintiffs—and, for that matter, Complete—did not comply with N.D. Tex. Civ. R. 7.1(i)(1) and 7.2(e) in briefing this motion. Rule 7.1(i)(1) provides that "[a] party who relies on documentary (including an affidavit, declaration, deposition, answer to interrogatory, or admission) or non-documentary evidence to support or oppose a motion must include such evidence in an appendix." Rule 7.2(e) states that "[i]f a party's motion or response is accompanied by an appendix, the party's brief must include citations to each page of the appendix that supports each assertion that the party makes concerning any documentary or non-documentary evidence on which the party relies to support or oppose the motion." The court has not ordered the motion re-briefed because it is attempting to avoid delay in deciding the motion and because in *Humphries* both parties likewise failed to comply with these rules and the court overlooked the error. *See Humphries*, slip op. at 5 n.3. The parties to this case are admonished to comply with these rules in briefing other motions in this case. The court's willingness to disregard this error in this case and in *Humphries* is not an indication that it will excuse similar failures in other cases that present motions of this type.

conditionally certifies a class consisting of "[a]ll current and former laborers employed by [Complete Landsculpture, Inc., Complete Landsculpture Properties, LLC, Complete Landsculpture of Texas, LP, and Chris Strempek] who were paid using the 'block rate' scheme during the time period of April 13, 2001 to the present." The court also authorizes plaintiffs to provide notice by mail to potential class members. *Cf. Barnett*, 2002 WL 1023161, at *2 (concluding "that mailing the notice to the potential class members . . . is sufficient to provide the potential opt-in plaintiffs with notice of the suit.").

B

1

Complete opposes plaintiffs' motion on the ground that the court has not certified a putative class. This objection falls away because the court has now conditionally done so.

2

Complete complains that plaintiffs have not defined in their motion who is to be included in the class. In plaintiffs' complaint, however, they have explicitly defined the class, *see* 2d Am. Compl. ¶ 18, and the court has conditionally certified it based on this definition.

3

Complete maintains that plaintiffs have not shown that, outside of the general group of landscapers mentioned in their declarations, there are any similarly-situated employees. Plaintiffs have limited their motion to current and former laborers who were paid using the "block rate" scheme. In their reply brief, they limn their notice request to "workers performing landscaping duties who were paid under the straight time for overtime scheme." Ps. Rep. Br. at 4. Complete's argument thus lacks force.

4

Complete also posits that plaintiffs must decide from which of the three corporate employers they are seeking to draw the class, because they have not demonstrated that employees from different employers can be similarly situated within the meaning of § 216(b). At the conditional certification stage of the case, the court disagrees.

In support of their reply brief, plaintiffs have adduced evidence that Strempek is the President and Director of Complete Landsculpture, Inc., and the registered agent for Complete Landsculpture Properties, LLC and Complete Landsculpture of Texas, LP. *See* P. Rep. Br. Exs. 1-3. Complete Landsculpture, Inc. is a member of Complete Landsculpture Properties, LLC. *See id.* Ex. 2. Complete Landsculpture Properties, LLC is the general partner of Complete Landsculpture of Texas, LP. *See id.* Ex. 3. Under the FLSA, there may be more than one employer of an employee, including joint employers. *See, e.g., Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir.1996). There is precedent in this district for conditionally certifying an FLSA class that consists of employees of related employers. In *Alba v. Loncar*, 2004 WL 1144052 (N.D. Tex. May 20, 2004) (Ramirez, J.), the court conditionally certified a common class of persons "employed *by one of Defendants*, at any time since June 23, 2000." *Id.* at *5 (emphasis added) (quoting order of Judge Lynn). The court can determine at a later time whether defendants are joint employers. *See id.* at *6 n.3 ("The Court notes that, assuming the district court does not decertify the class, the district court will also make the legal determination of whether Mr. Loncar is a joint employer of the employees of Brian Loncar, P.C. d/b/a Brian Loncar & Associates.").

The foregoing reasoning also applies to defendant Strempek. The FLSA definition of employer is extremely broad and "includes any person acting directly or indirectly in the interest of

an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." *Id.* at *6 (quoting 29 U.S.C. § 203(d)). The term "includes individuals with managerial responsibilities and substantial control over the terms and conditions of the [employee's] work." *Id.* (internal quotation marks omitted) (quoting *Lee v. Coahoma County*, 937 F.2d 220, 226 (5th Cir.1991)). Plaintiffs may be able to show under the FLSA definition that Strempek is their employer, and the court can determine later whether he is. *See id.* (holding that court would at appropriate stage make legal determination of individual's status as an employer). Of course, if discovery shows that certain plaintiffs are not similarly situated due to differences in employers, the court can decertify the class or can create subclasses. *See Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001) ("If, at a later point in the litigation, the Court finds that a collective action cannot accommodate the proposed individual defenses, the Court has the discretion to create subclasses or to dismantle the collective action.") (addressing collective action under Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*)).

C

Complete maintains that not all plaintiffs are from the same potential conditional class, because on each crew there are employees with three different job descriptions: foreman, lead man, and laborer. It posits that, if plaintiffs seek class certification, foremen and laborers should not be included in the same class.

According to Strempek, plaintiff Aguilar was a foreman and other listed potential plaintiffs are laborers. He avers that foremen must meet experience and skill requirements that do not apply to laborers; that they have the ability to hire and fire employees, make recommendations concerning

- 8 -

hiring, discipline, and promotion decisions; that they have administrative responsibilities that laborers do not share; and that they are paid more. Plaintiffs reply that the distinctions in the two jobs are immaterial for purposes of this collective action, which is limited to workers who performed landscaping duties and were paid under the "block rate" scheme. They argue that the differences will not result in inaccurate damages calculations because the hours worked by each are readily ascertainable based on objective criteria and there is no conflict of interest between foremen and laborers.

The court holds that no distinction should be made between foremen and laborers at the conditional certification stage because they appear to be similarly situated in all relevant respects. To establish that plaintiffs are similarly situated employees, they must demonstrate that they are similarly situated as to their job requirements and pay provisions. The positions need to be similar, but not identical. *Barnett*, 2002 WL 1023161, at *1. "[A]n FLSA class determination is appropriate when there is 'a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'" *Crain v. Helmerich and Payne Int'l Drilling Co.*, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992) (quoting *Heagney v. European Am. Bank*, 122 F.R.D. 125 (E.D.N.Y.1988)). "[A] court can foreclose a plaintiff's right to proceed collectively only if 'the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.'" *Id.* (quoting *Burt v. Manville Sales Corp.*, 116 F.R.D. 276, 277 (D. Colo. 1987)). The claims of the putative class members are similar in that they all complain of the same "block rate" scheme that applied to them similarly. In other words, they allege they were together the victims of a single plan infected by discrimination. *See Mooney*, 54 F.3d at 1214 n.8. While their duties may have differed

and the hourly pay rate of foremen was slightly higher, they were compensated under the same regimen. This is not a case, for example, in which the defendants contend that foremen were exempt employees or that they were paid under a different plan. Thus under plaintiffs' theory of the case, the fact that foremen and laborers had somewhat different duties and rates of pay is immaterial. *See Crain*, 1992 WL 91946, at *3 ("But what matters is that the fundamental allegation—that according to company policy the time spent in job related meetings and training was uncompensated—is common to all the [FLSA] plaintiffs and dominates each of their claims.").

### D

Complete also opposes plaintiffs' motion on the ground that plaintiffs have only presented evidence of a potential class of landscape laborers. The arguments presented in support of this contention are similar to those that the court has already rejected. The evidence that plaintiffs have introduced is sufficient to justify conditional class certification under the applicable lenient standard. Accordingly, the court declines to deny plaintiffs' motion on this basis.

### IV

The court now turns to plaintiffs' proposed notice. Complete objects to it as uninformative and insufficient and offers an alternative notice form. Plaintiffs oppose one provision of Complete's proposed alternative form—that plaintiffs who join may be required to pay attorney's fees and costs if the suit is unsuccessful—but they state they are willing to work with Complete to draft a mutually acceptable notice.

The court agrees that plaintiffs' proposed notice is inadequate in several respects, but it rejects Complete's suggestion that a fee shifting warning should be included. Rather than address the defects in detail, it will attach to this memorandum opinion and order copies of the notice and consent form

it approved in *Humphries* and of its order approving the forms and the procedure for notifying potential class members by mail. The *Humphries* documents should adequately apprise counsel of the nature of forms the court is likely to approve. The court directs that counsel confer and, within 20 days of the date this memorandum opinion and order is filed, submit a proposed notice and consent form for the court's consideration.

Additionally, plaintiffs assert in their motion that many potential class plaintiffs are immigrant laborers. To ensure that the notice is adequate, the court directs that, once the court approves the notice and consent forms, plaintiffs' counsel arrange for preparation of Spanish language versions, obtain Complete's counsel's approval of those versions, and mail the English and Spanish versions simultaneously to potential class members, giving them the option to execute the Spanish version of the consent form.

V

Finally, Complete objects to plaintiffs' request for discovery of the names, addresses, and telephone numbers of potential class members. It maintains that, if notice is given, Complete should provide the notice rather than disclose this information to plaintiffs.

The court will follow in this case the approach it adopted in *Humphries*. There, in response to the plaintiff's request for discovery, the court required the defendant to provide plaintiff's counsel the names and last known addresses of all potential class members, because notice of the collective action was to be given by mail. *See Humphries*, slip op. at 7. The court declined to require that the defendants reveal, *inter alia*, the telephone numbers of potential class members. The court reasoned that "highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it." *Id.* The court also

concluded, *inter alia*, that the need for compelled disclosure of such data was outweighed by the privacy interests of potential class members, and that there was no apparent reason to conclude that sending a letter to the person's last known address would be inadequate. *Id.*

Accordingly, the court directs that, within 30 days of the date this memorandum opinion and order is filed, Complete provide plaintiffs' counsel the names and last known addresses of all persons who fall within the conditionally certified class.

* * *

For the reasons set out, plaintiffs' August 9, 2004 motion for notice to potential class members is granted in part and denied in part.

**SO ORDERED.**

October __7__, 2004.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HUMPHRIES, On Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| VS | § § § | Civil Action No. 3:03-CV-1682-D |
| STREAM INTERNATIONAL, INC., et al., | § § § § | |
| Defendants. | § | |

### ORDER

For the reasons stated in a memorandum opinion and order filed February 13, 2004, and having considered the parties' respective submissions, the court approves the notice form and consent form attached to this order. At plaintiff James Humphries' ("Humphries'") request, he may obtain electronic versions of these forms from the judicial secretary.

Humphries may provide the notice to all current and former employees of Stream International, Inc. who were employed as trainers between July 18, 2001 to the present. He may immediately provide notice to the persons whose names and addresses are to be provided by defendants in accordance with the court's February 13, 2004 memorandum opinion and order. Humphries may also send subsequent mailings of the notice at his expense. The consent form, together with a self-addressed, stamped envelope, must be enclosed with the notice. Costs of the notice are to be borne by Humphries.

Potential plaintiffs must be provided until June 15, 2004 to file a consent opting into this litigation, unless good cause can be shown why the consent was not postmarked before the deadline. Humphries must notify defendants and the court by letter of the date or dates any notices are mailed.

**SO ORDERED.**

February 18, 2004.

*[signature]*
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

## **IMPORTANT NOTICE TO POTENTIAL CLASS MEMBERS**

TO:     ALL CURRENT AND FORMER EMPLOYEES OF STREAM INTERNATIONAL, INC. WHO ARE OR WERE EMPLOYED AS TRAINERS BETWEEN JULY 18, 2001 AND THE PRESENT

FROM:   THE LAW OFFICES OF JEFFREY H. RASANSKY, P.C., COUNSEL FOR PLAINTIFF

RE:     RIGHT TO JOIN LAWSUIT SEEKING TO RECOVER UNPAID OVERTIME COMPENSATION

DATE:   [INSERT DATE OF NOTICE]

1. PURPOSE OF NOTICE

The purpose of this notice is to inform you of the existence of a collective action lawsuit in which you may be eligible to participate because you may be "similarly situated" to the named plaintiff. This notice is also intended to advise you how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this lawsuit and to instruct you on the procedure for participating in this suit, if you choose to do so. <u>You have not been sued.</u>

2. DESCRIPTION OF THE LAWSUIT

James Humphries ("Humphries") has sued Solectron Texas, Inc. a/k/a Solectron Corporation ("Solectron") and Stream International, Inc. ("Stream") in the United States District Court for the Northern District of Texas, Dallas Division. The case has been assigned Civil Action No. 3:03-CV-1682-D and is pending on the docket of United States District Judge Sidney A. Fitzwater. The lawsuit alleges that Stream and Solectron failed to pay overtime compensation as required by the FLSA. Humphries' attorney in this case is:

Jeremi K. Young (www.jrlawfirm.com)
**THE LAW OFFICES OF JEFFREY H. RASANSKY, P.C.**
3811 Turtle Creek Blvd.
Suite 1640
Dallas, Texas 75219
Telephone: 214-651-6100
Toll-Free Telephone: 800-704-3578
Facsimile: 214-651-6150

J. Derek Braziel (www.edwards-george.com)
**EDWARDS & GEORGE, LLP**
208 N. Market St.
Suite 400
Dallas, Texas 75202
Telephone: 214-749-1400
Toll-Free Telephone: 866-949-1400
Facsimile. 214-749-1010

Generally, the overtime provisions of the FLSA require that, for all hours over forty hours per week that an employee works, the employer must pay the employee at the rate of one and one-half times the employee's regular hourly rate of pay, unless the employee is properly classified as "exempt" from the overtime provisions of the FLSA. Humphries alleges in this lawsuit that during one or more weeks of his employment with Stream and/or Solectron, he worked in excess of forty hours but was not paid overtime at the rate of one and one-half times his hourly rate for the hours he worked in excess of forty. Humphries alleges that he was not properly paid for his overtime hours beyond forty due to Stream and/or Solectron's misclassification of trainers as "exempt" under the FLSA. Humphries asserts that he worked more than forty hours per week but was not compensated for any hours beyond forty. Humphries is suing to recover unpaid overtime compensation for the period from July 18, 2001 to the present, liquidated damages, a declaratory judgment, an award of reasonable attorney's fees, costs, and expenses, and such other relief as the court may deem proper.

Stream and Solectron vigorously deny Humphries' allegations and contend that Humphries and the others who he contends are "similarly situated" are "exempt" and are not entitled to overtime compensation under FLSA.

3. COMPOSITION OF THE CLASS

Humphries seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Those who Humphries alleges are similarly situated are all current and former employees of Stream who are or were employed as trainers from July 18, 2001 to the present.

This notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States District Court that you and Humphries are actually "similarly situated."

4.  YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, that is, you are currently or were formerly employed by Stream as a trainer between July 18, 2001 and the present and you worked overtime hours for which you were not compensated, you may have a right to participate in this lawsuit.

5.  HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled, "Consent to Become Party Plaintiff" ("Consent Form"). If you choose to join this lawsuit, and thus to participate in any recovery that may result from this lawsuit, **it is extremely important that you read, sign, and return the Consent Form.** A self-addressed, postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent Form should be sent to:

Overtime Lawsuit Against Stream and Solectron
**THE LAW OFFICES OF JEFFREY H. RASANSKY, P.C.**
3811 Turtle Creek Blvd.
Suite 1640
Dallas, Texas 75219

The signed Consent Form must be postmarked by June 15, 2004. **If your signed Consent Form is not postmarked by June 15, 2004, you will not receive any of the potential money damages recovered against Stream or Solectron in this lawsuit.** If you have any questions about filling out or sending the Consent Form, please contact Humphries' counsel listed on page 1 of this notice.

6.  NO RETALIATION PERMITTED

It is a violation of federal law for Stream or Solectron to discharge you, or in any manner discriminate or retaliate against you, for taking part in this case. If you believe you have been penalized, discriminated against, or disciplined in any way as a result of receiving this notice, considering whether to join this lawsuit, or actually joining this lawsuit, you should contact Humphries' counsel immediately.

7.  EFFECT OF JOINING THIS LAWSUIT

If you choose to join this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class.

By joining this lawsuit, you designate Humphries as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Humphries' counsel concerning attorney's fees and costs, and all other matters

pertaining to the lawsuit. These decisions and agreements made and entered into by Humphries will be binding on you if you join this lawsuit.

Humphries has entered into a contingency fee agreement with his counsel, which means that, if there is no recovery, there will be no attorney's fees or costs charged to you. If there is a recovery, Humphries' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may request a copy of the contingency fee agreement that Humphries signed in this matter from Humphries' counsel at the address or telephone number that appears on page 1 of this notice.

If you join the lawsuit, while the lawsuit is pending, you may be required to provide information about yourself and your claim, appear for a deposition (answer attorneys' questions under oath), and testify in court in Dallas, Texas.

8.  NO LEGAL EFFECT IN NOT JOINING THIS LAWSUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted   The pendency of this suit will not stop the running of the statute of limitations as to any claims you might have until you opt into this lawsuit.

9.  NO OPINION EXPRESSED AS TO THE MERITS OF THE LAWSUIT

This notice is being provided for the sole purpose of determining the identity of persons who may be entitled to and wish to participate in this lawsuit. Although the court has authorized Humphries' counsel to send this notice, the court expresses no opinion regarding the merits of Humphries' claims or defendants' liability, if any. Humphries' claims and the claims of any person who joins the lawsuit may be subject to later dismissal if the court finds that the claims lack merit or that this lawsuit cannot be litigated on a class-wide basis.

10. FURTHER INFORMATION

Further information about this notice or the lawsuit may be obtained from Humphries' counsel at the address or telephone number listed on page 1 of this notice.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES HUMPHRIES, On Behalf of Himself and All Others Similarly Situated, § § § Plaintiff, § § Civil Action No. 3:03-CV-1682-D VS. § § STREAM INTERNATIONAL, INC., § et al., § § Defendants. § | |

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by James Humphries ("Humphries"), the representative plaintiff, and designate him as my agent to make decisions on my behalf concerning this litigation, including the method and manner of conducting the litigation, the entering of an agreement with Humphries' counsel concerning attorney's fees and costs, and all other matters pertaining to the lawsuit.

I understand that Humphries has entered into a contingency fee agreement with The Law Offices of Jeffrey H. Rasansky, P.C., that applies to all plaintiffs who join this lawsuit. If I join the lawsuit, I agree to be bound by the contingency fee agreement. I understand that I may obtain a copy of the contingency fee agreement on request.

By choosing to join this lawsuit, I understand that I will be bound by the judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the court may direct, any settlement that may be negotiated on behalf of all plaintiffs.

If I choose not to join this lawsuit, I acknowledge and understand that I will not be affected

by any judgment rendered or settlement reached in this lawsuit, whether favorable or unfavorable, and I will not be entitled to share in any amounts recovered (whether by judgment, settlement, or otherwise) by Humphries or any other person who joins the lawsuit as a plaintiff.

I hereby consent to join this lawsuit.

_____   _____
Signature                                                   Date

**PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:**

Full Legal Name:

Any Other Name Used or Known By:

Mailing Address:

City, State, and Zip Code:

Daytime Telephone:

Evening Telephone (optional):

Cellular Telephone (optional):

E-Mail Address (optional).